**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:26-cv-20917-GAYLES**

TIFFANY (NJ) LLC,

      **Plaintiff,**

v.

TRENDYBYBAGS.COM a/k/a
ALLTHINGFASHION.COM a/k/a
TRENDYFASHIONBYFRANK.COM a/k/a
SHOPATFRANKSBEST.COM a/k/a
BUYATFRANKFASHION.COM a/k/a
FKSHOP.CO a/k/a
BUYATFRANKFASHION1 a/k/a
FRANKKARAN5 a/k/a FRANK KARAN a/k/a
FKSHOPCO a/k/a KAOBK.COM, AN
INDIVIDUAL, BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

      **Defendant.**

_____/

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff Tiffany (NJ) LLC's ("Plaintiff")
Motion for Entry of Default Final Judgment Against Defendant (the "Motion"). [ECF No. 13]. The
Court granted the Motion in a separate Order. [ECF No. 14]. Pursuant to Federal Rule of Civil
Procedure 58(a), the Court enters this separate default final judgment.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    Default Final Judgment is hereby entered in favor of Plaintiff Tiffany (NJ) LLC
and against Defendant trendybybags.com a/k/a allthingfashion.com a/k/a
trendyfashionbyfrank.com a/k/a shopatfranksbest.com a/k/a
buyatfrankfashion.com a/k/a fkshop.co a/k/a buyatfrankfashion1 a/k/a frankkaran5

a/k/a frank karan a/k/a fkshopco a/k/a kaobk.com, an Individual, Business Entity, or Unincorporated Association ("Defendant").

2.    Permanent Injunctive Relief: Defendant, and its officers, directors, employees, agents, representatives, subsidiaries, distributors, and attorneys, and all persons acting in concert and participation with Defendant having notice of this Order, are hereby **PERMANENTLY RESTRAINED** and **ENJOINED** from the following:

a.    manufacturing or causing to be manufactured, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing and/or using the Plaintiff's trademarks, or any confusingly similar trademarks identified in Paragraph 14 of the Complaint (the "Tiffany Marks");

b.    using the Tiffany Marks in connection with the sale of any unauthorized goods;

c.    using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d.    falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e.    engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.    using any reproduction, counterfeit, copy, or colorable imitation of the Tiffany Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

g.    affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce;

h.    otherwise unfairly competing with Plaintiff;

i.    using the Tiffany Marks, or any confusingly similar trademarks, on e-commerce marketplace sites, within domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), in any advertising links to other

websites, from search engines' databases or cache memory, and any other form of use of such terms which are visible to a computer user or serves to direct computer searches to websites, e-commerce stores, private messaging accounts, or Internet businesses registered by, owned or operated by Defendant; and

j.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2.    Additional Equitable Relief:

a.    To give practical effect to the Permanent Injunction, upon the Plaintiff's request, the E-commerce Store Names are hereby ordered to be immediately transferred by Defendant, its assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the E-commerce Store Names to the Plaintiff's control within five (5) days of receipt of this Judgment, upon the Plaintiff's request, the Defendant and the top level domain (TLD) Registry for each of the E-commerce Store Names, or their administrators, including backend registry operators or administrators, shall, within thirty (30) days, (i) change the Registrar of Record for the E-commerce Store Names to a Registrar of the Plaintiff's choosing, and that Registrar shall transfer the E-commerce Store Names to the Plaintiff, or (ii) place the E-commerce Store Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registries which link the E-commerce Store Names to the IP addresses where the associated websites are hosted;

b.    Pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, Defendant and all third parties with notice of this Order are enjoined from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Tiffany Marks;

c.    Plaintiff may serve this injunction on any Internet search engines or service provider referring or linking users to any Uniform Resource Locator ("URL") of the E-commerce Store Names, with a request that they permanently disable, deindex or delist all URLs of the E-commerce Store Names and/or permanently disable the references or links to all URLs of the E-commerce Store Names used by Defendant to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks, based upon the Defendant's unlawful activities being conducted via the E-commerce Store Names as a whole and via any specific URLs identified by the Plaintiff;

d. Defendant, its agent(s) or assign(s), shall voluntarily assign all rights, title, and interest, to its E-commerce Store Names to Plaintiff and, if within five (5) days of receipt of this Order, the Defendant fails to make such an assignment, the Court shall order the act to be done by another person appointed by the Court at Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

e. The Defendant, its agent(s) or assign(s), shall instruct in writing all search engines to permanently delist or deindex the E-commerce Store Names and, if within five (5) days of receipt of this Order, the Defendant fails to make such a written instruction, the Court shall order the act to be done by another person appointed by the Court at the Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

f. The Defendant, its agent(s) or assign(s), shall instruct the Registrar(s) for each of their E-commerce Store Names to permanently close the registration accounts in which any E-commerce Store Names are located and, if within five (5) days of receipt of this Order the Defendant fails to make such a written instruction, the Court shall order the act to be done by another person appointed by the Court at the Defendant's expense, such as the Clerk of Court, pursuant to Federal Rule of Civil Procedure 70(a);

g. Upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the E-commerce Store Names shall permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks via the e-commerce stores operating under the E-commerce Store Names, and upon the Plaintiff's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks associated with or linked to the same seller or linked to any other alias e-commerce stores, being used and/or controlled by Defendant to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the Tiffany Marks;

h. Upon Plaintiff's request, Defendant shall request, in writing, permanent termination of any messaging service, e-commerce store names, usernames, and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, and social media website;

i. Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by the Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods using counterfeits, and/or infringements of the Tiffany Marks; and

j. Plaintiff may serve this injunction on the e-commerce store's registrar(s) and/or the privacy protection service(s) for the E-commerce Store Names to disclose to Plaintiff the true identities and contact information for the registrants of the E-commerce Store Names.

3.    <u>Statutory Damages pursuant to 15 U.S.C. § 1117(c)</u>: Award Plaintiff $1,000,000.00 against Defendant, for which let execution issue, based upon the Court's finding that Defendant infringed at least one trademark on one type of good. The Court considered both the willfulness of Defendant's conduct and the deterrent value of the award imposed, and the award falls within the permissible statutory range of 15 U.S.C. § 1117(c).

4.    Pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to immediately (within five (5) business days) identify, restrain, and be required to surrender to Plaintiff all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Names including all related e-commerce store names used by Defendant presently or in the future, as well as any other related E-commerce Store Name(s) and account(s) of the same customer(s), and any other account(s) which transfer funds into the same financial institution account(s). Such financial accounts and/or sub-accounts shall remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, and their related companies and affiliates, shall provide to Plaintiff at the time any funds are surrendered, a breakdown reflecting the (i) total funds restrained in this matter

5

of Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from Defendant's funds restrained prior to release; and (iii) the total funds released of Defendant to Plaintiff.

5.  Interest from the date of this judgment shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6.  The Court retains jurisdiction to enforce this Default Final Judgment and Permanent Injunction.

7.  The Court **ORDERS** execution to issue for this Default Final Judgment.

8.  This case shall remain **CLOSED**. Any other pending motions as to Defendant, as well as any requests for relief not granted in this Final Default Judgment, are **DENIED AS MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of March, 2026.

_____
DARRIN P. GAYLES